Haywood, J.
delivered the opinion of himself and Judge Peck.
Gordon gave his note to Woodson for ninety dollars, who transferred it by a blank indorsement to a third person. He then paid him the debt and took back the note, which he lost at gaming when drunk, and in that situation delivered the note, with the blank indorsement on it, to Pryor, who assigned it to Mc’Clure, and Woodson gave notice to Gordon, who, notwithstanding, paid it.
The questions are: First, Whether the indorsement, having been made originally for a different purpose, could, upon an after occasion, be made to answer as a new indorsement to Pryor.
Secondly, What effect the intoxication of Woodson had.
Thirdly, What effect is produced by its being lost by gaming.
First, the indorsement being in blank, and both parties agreeing to use it as an indorsement then made, it is no injustice to the payee, who, by writing the same indorsement, would certainly have made it effectual. His using the prior indorsement 'as one then made was an act perfectly within his power, and having so used it he cannot complain. And this is not like the case where the indorsee used the indorsement for a pur *157 pose different from that intended without the consent of the payee or in-dorser.
Secondly, drunkenness is no excuse, if the party was not drawn in by means of the indorsee, for the purpose of taking an advantage of him. At all events, drunkenness, short of a deprivation of reason or insanity, will not do, for then every one will counterfeit intoxication to get clear of his contracts, and which will lead to the investigation in every case first whether the party was really intoxicated, and what was the degree of intoxication, and whether it should prevail to exonerate the person from his engagement, producing the greatest uncertainty, difficulty, and variety of decision upon cases similarly circumstanced, and subjecting everything to the control and the fluctuating opinions of juries.
Thirdly, delivery over of the note is not absolutely void, but so at the election of the loser by gaming, who may or may not take advantage of the act, and who must show his election by action against the receiver within the time prescribed by the act, which limitation, if not observed, will make the delivery or payment good forever. Here he might have brought detinue, or some appropriate action, for the recovery of the note, but' failed to do so. Nor could Gordon tell whether he ever would avail himself of the act or not. The payee should not be allowed, by his own misconduct, to throw upon the payer or obligor the difficulty of contending either with him or the indorsee, when he was honestly ready to perform his contract as made, or in any other way than by the reclamation of the note in due time, by the means-which the law has marked out.
Judgment for Gordon.